IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> § <br> Plaintiff, § <br> § Criminal No. 3:15-CR-226-D-19 <br> VS. § <br> § <br> SHERMAN GRANT, § <br> § <br> Defendant. § | |

MEMORANDUM OPINION
AND ORDER

On February 3, 2025 defendant Sherman Grant ("Grant") filed a renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons that follow, the court denies the motion in part and in part directs the clerk of court to open a new motion to vacate, set aside, and correct sentence under 28 U.S.C. § 2255.

I

Grant pleaded guilty to conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(C). On May 11, 2017 the court sentenced him to 188 months' imprisonment to be followed by 3 years of supervised release.

On April 9, 2020 Grant filed a letter seeking early release from prison based on the COVID-19 pandemic. Construing Grant's letter as a motion for sentence reduction under 18 U.S.C. § 3582(c), the court denied it. Grant then filed on June 8, 2020 a motion to reduce sentence under § 404 of the First Step Act of 2018. The court also denied that motion. On April 6, 2021 Grant filed a motion to reduce sentence and for release to home confinement

under 18 U.S.C. § 3582(c)(1)(A)(i). The court denied this motion on April 27, 2021.

In a renewed motion, Grant now moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), seeking compassionate release based on what he maintains is an unusually long sentence and a change in the law. On February 6, 2025 the court ordered the government to respond to Grant's motion, which it did on March 5, 2025. Grant's reply, had he opted to file one, was due on March 27, 2025. Grant's motion is now ripe for decision.

II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ('BOP')] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[*] When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are

---

[*]In his motion, Grant contends that he previously exhausted all administrative rights to appeal "and a failure of the [BOP] to bring a motion on [his] behalf gives this Court jurisdiction; that he "has satisfied the exhaustion requirement by receiving an adverse decision from the Warden"; and that he need not further exhaust his claim. D. Mot. 2. Because doing so does not change the outcome in the decision on Grant's motion, the court will assume *arguendo* that he exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). To be clear, the court does not consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

### III

### A

Grant moves for compassionate release based on alleged "extraordinary circumstances" under U.S.S.G. § 1B1.13(b)(6), which provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Grant contends that the firearm enhancement to his sentence is unconstitutional under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), *rev'd*, 602 U.S. 680 (2024), *remanded to* 117 F.4th 331 (5th Cir. 2024), and that, if he were sentenced today, he would "receive a lesser sentence short of an firearm enhancement 2-level increase." D. Mot. 3.

At the outset, the court notes that U.S.S.G. § 1B1.13(b)(6) does not appear to apply

- 3 -

by its own terms because Grant has not served at least 10 years of his term of imprisonment. Nevertheless, because the court concludes below that Grant's motion should be denied after considering the § 3553(a) factors, it will assume *arguendo* that he has shown an extraordinary and compelling reason. *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection during COVID-19 pandemic constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

B

The court now considers the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's]

sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.). "When a district court denies a motion for compassionate release, it must give '"specific factual reasons" for its decision.'" *United States v. Stanford*, 79 F.4th 461, 463 (5th Cir. 2023) (quoting *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022)).

In this case, Grant is currently serving a 188-month sentence for a very serious drug offense. At the time he was arrested, he was found in possession of heroin, marihuana, and a .22-caliber revolver. In addition, he admitted having possessed with intent to distribute, and having distributed, 876 ounces of PCP, 124 ounces of cocaine (power), 186 ounces of cocaine base, and 188.5 grams of heroin since 2012. Most of these drugs were distributed through a "trap house" that Grant maintained and controlled. At the time of sentencing, Grant fell into criminal history category V (the next to highest category). Grant is not eligible for release from prison until November 13, 2027. If the court grants his motion, it will be ordering him released more than *2 years* before he would otherwise be eligible. Not only would Grant's release not be in the interest of justice, it would minimize the seriousness of his crimes and would fail to afford adequate deterrence to this type of criminal conduct. *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, inter alia, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Concerning the need to protect the public from future crimes, Grant contends that he has undergone "dramatic changes," D. Mot. 7, and that "there is no post-conviction

indication to show that [he] will be a danger to the community," *id.* at 8.  But he has failed to provide sufficient evidence to support his contention that he would not be a danger to the safety of any other person or the community if released.  *See United States v. Crandle*, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release.").  Moreover, the undersigned as the sentencing judge is aware of Grant's relevant offense conduct and finds that he would pose a danger to the public if granted an early release. *See United States v. Keys*, 846 Fed. Appx. 275, 276 (5th Cir. 2021) (per curiam) (holding that district court did not abuse its discretion by relying on defendant's 30-year-old bank-robbery conviction when denying motion for compassionate release despite defendant's contention that his post-sentencing conduct showed he was no longer a danger to the public).

Weighing the pertinent § 3553(a) factors together, the court concludes that Grant's sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A).  *See, e.g.*, *United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

IV

To the extent Grant's motion seeks to challenge the legality of his conviction and sentence under *Bruen* and the Fifth Circuit's 2023 decision in *Rahimi*, the court liberally

construes the motion as a first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

The proper vehicle for challenging a criminal conviction or sentence after the direct appeal period has expired, as here, is a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam); *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) ("Relief under [§ 2255] is warranted for any error that 'occurred at or prior to sentencing.'" (quoting *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980))). Because Grant's arguments collaterally challenge his federal sentence, they are properly construed as a motion to vacate sentence under § 2255. *See United States v. Elam*, 930 F.3d 406, 410 (5th Cir. 2019) (concluding district court abused its discretion in failing to liberally construe a *pro se* motion as a first, timely, § 2255 motion); *United States v. Flores*, 380 Fed. Appx. 371, 372 (5th Cir. 2010) (per curiam) (instructing "district courts to determine the true nature of a pleading by its substance, not its label" (citations omitted)).

\*   \*   \*

Accordingly, for the reasons explained in this order, the court denies Grant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

As for the part of Grant's motion that challenges his sentence under *Bruen* and *Rahimi*, the clerk of court is directed to open a new motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, directly assign the new case to the same District Judge as in this criminal case, and docket a copy of this motion and order in the new case. Warnings

and instructions, as well as an opportunity for Grant to amend his § 2255 motion, in accordance with *Castro v. United States*, 540 U.S. 375 (2003), will be issued in the newly opened case.

**SO ORDERED**.

April 14, 2025.

                                                                                _____
                                                                                SIDNEY A. FITZWATER
                                                                                SENIOR JUDGE